UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DESIREE NICHOLS | CIVIL ACTION NO. 6:22-CV-06027 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DONALD VIGEANT ET AL | MAGISTRATE JUDGE DAVID J. AYO |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. 6). Donald Vigeant ("Vigeant"), Don Vigeant & Son, Inc., (DV&S), and Arbella Protection Insurance Company, Inc., (Arbella") (collectively "Defendants") oppose the Motion. (Rec. Doc. 12). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that Plaintiff's Motion be DENIED.

### Factual Background

Plaintiff filed this suit in the 16th Judicial District Court, St. Martin Parish, Louisiana against Defendants following an automobile accident in Breaux Bridge, Louisiana. (Rec. Doc. 1-1). Plaintiff alleges that Vigeant, who was driving an 18-wheeler truck at the time of the accident crossed the centerline of traffic and struck her vehicle. (*Id.* at p. 2). She further alleges that Vigeant was acting in the course and scope of his employment with DV&S at the time of the collision and that Arbella insured DV&S at the time of the accident. (*Id.* at p. 3). Vigeant, DV&S, and Arbella were served with the Petition on May 23, 2022, May 31, 2022, and May 16, 2022, respectively. (Rec. Doc. 1-1).

The Petition which asks for punitive and exemplary damages as well as actual damages alleges that Plaintiff "sustained serious injuries requiring medical treatment[,]" "sought medical treatment for the injuries and sustained various medical bills incidental thereto[,]" "has sustained and will continue to sustain past, present, and future physical and emotional pain and suffering, discomfort, disability, loss of enjoyment of life, and medical expenses, for which she is entitled to recover a sum of damages reasonable in the premises[,]" and "has lost income, may suffer a loss of income in the future, and may suffer the future loss of earning capacity. . . ." (Rec. Doc. 1-1, p. 7). Plaintiff does not set forth the numerical value of her damage claims.[1] Plaintiff does not specify the extent or duration of her injuries, nor does she state any facts or details about the nature of her injury or extent of medical treatment received.

Defendants removed the case to this Court on November 21, 2022, based on diversity jurisdiction and contending that on October 25, 2022, when they received medical records subpoenaed from Barczyk Spine & Joint and Envision Imaging, it became apparent that the amount in controversy was greater than $75,000. (Rec. Doc. 1, p. 7). Plaintiff responded to the removal notice with the instant motion to remand, arguing that it was facially apparent from the Petition for Damages that the amount in controversy exceeded $75,000.00 and, therefore, that the removal was untimely as it was not filed within 30 days of service of such petition pursuant to 28 U.S.C. § 1446(b). Defendants oppose the Motion, arguing that the general and conclusory damage allegations for unspecified injuries in Plaintiff's Petition were insufficient to support removal and that they timely removed this action upon receipt of subpoenaed medical records from Barczyk

---

[1] Under Louisiana law, plaintiffs may not specify the numerical value of a damage claim. La. Code Civ. P. art. 893.

2

Spine & Joint and Envision Imaging based on the "other paper" rule set forth in 28 U.S.C. § 1446(b)(3).

## Law and Analysis

The procedure for removal from state to federal court is governed by 28 U.S.C. § 1446. That statute requires a removal notice to "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1).

If an action is not initially removable, but later becomes removable, the third paragraph of § 1446(b) directs that, "a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

When a case is removed on the basis of diversity jurisdiction, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. WalMart Stores*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

Allegations in a petition setting forth general categories of damages for non-specific injuries are too vague and nonspecific to support a finding that the required amount in controversy exists. *Foreman v Circle K Convenience Stores*, 2017 WL 1487355, (W.D. La. 2017), *Benjamin v. Multi-Chem Group, L.L.C.*, 2012 WL 3548060 at *3-4 (W.D. La. 2012). Plaintiff's Petition sets forth only general categories of damages for unspecified injuries. Accordingly, based on the

allegations in the Petition, this case was not initially removable because it was not "facially apparent" that Plaintiff's claims were likely to equal or exceed $75,000.00.

If the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts before effecting removal. That is precisely why the "other paper" removal rule exists: to ensure that removals will not be filed "before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence...." *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).[2] Defendants subpoenaed medical records to determine the value of Plaintiff's claims and removed this case within 30 days of receipt of said records.

Based on the foregoing, the removal of this action was timely, and this Court may properly exercise diversity jurisdiction under 28 U.S.C. § 1332.[3] The Court therefore recommends that Plaintiff's Motion to Remand (Rec. Doc. 6) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

---

[2] The "other paper" rule provides that when the original petition does not, on its face, affirmatively reveal that the jurisdictional minimum is present, a removing defendant is not required to remove until it receives an amended pleading or other paper that make it "unequivocally clear and certain" that more than $75,000 is in controversy. *Bosky*, 288 F.3d at 211. This rule is intended to "reduce 'protective' removals by defendants faced with an equivocal record ... also [to] discourage removals before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence...." *Id*.

[3] The parties do not dispute and the Court agrees that the parties are diverse in citizenship and that the amount in controversy exceeds $75,000.

4

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

Signed at Lafayette, Louisiana on this 18th day of April, 2023.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE