UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DESIREE NICHOLS | CIVIL ACTION NO. 6:22-CV-06027 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DONALD VIGEANT ET AL | MAGISTRATE JUDGE DAVID J. AYO |

### REPORT AND RECOMMENDATION

Before the Court is a MOTION FOR PARTIAL DISMISSAL PURSUANT TO FED. R. CIV. PROC. 12(b)(6) (Rec. Doc. 15) filed by Donald Vigeant (Vigeant), Don Vigeant & Son, Inc., (DV&S), and Arbella Protection Insurance Company, Inc., (Arbella) (collectively "Defendants"). Defendants seek dismissal of Plaintiff Desiree Nichols' claims against them for punitive and exemplary damages. Plaintiff did not file an opposition to this motion.[1] The motion was referred to the undersigned report and recommendation pursuant to 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that Defendants' motion be GRANTED.

### Factual Background

Plaintiff filed this suit in the 16th Judicial Court, St. Martin Parish, Louisiana against Defendants following an automobile accident in Breaux Bridge, Louisiana. (Rec. Doc. 1-1). Defendants removed the matter to this Court on November 21, 2022, based on diversity jurisdiction 28 U.S.C. § 1332. (Rec. Doc. 1). Plaintiff alleges that

---

[1] Any response to this motion was due within 21 days after its filing, or by June 13, 2023. (Rec. Doc. 16).

Vigeant was driving an 18-wheeler truck at the time of the accident, crossed the centerline of traffic, and struck plaintiff's vehicle. (*Id.* at p. 2). She further alleges that Vigeant was acting in the course and scope of his employment with DV&S at the time of the collision and that Arbella insured DV&S at the time of the accident. (*Id.* at p. 3). The petition which asks for punitive and exemplary damages, as well as actual damages, alleges as follows:

> Prior to and at the time of the crash herein, defendant DON VIGEANT & SON, INC. was previously aware they had been deficient in the operation of its commercial motor vehicle fleet by failing to meet the requirements of the FMCSA and State of Louisiana regulations, particularly in regard to violations of hiring, training, supervising and dispatching defendant DONALD VIGEANT, an unqualified and unsafe driver.
>
> Prior to and at the time of the crash, defendant DON VIGEANT & SON, INC. knew or should have known that defendant DONALD VIGEANT at the time of the crash was an unqualified and unsafe driver, not fit to operate a commercial vehicle on a public highway.
>
> By allowing an unsafe and unqualified driver to operate a commercial motor vehicle, defendant DON VIGEANT & SON, INC. consciously pursued a course of conduct, knowing it would cause substantial harm to others. Further, DON VIGEANT & SON, INC. operated the commercial motor vehicle in a manner that would gain extra profits at the expense of the safety of members of the public, particularly plaintiff DESIREE NICHOLS.
>
> At the time of the crash, defendant DONALD VIGEANT operated defendant DON VIGEANT & SON, INC.'s tractor-trailer rig in a wanton and reckless manner, driving at an excessive rate of speed and in an unsafe manner. As such, his operation of the tractor-trailer rig was a course of conduct he consciously pursued (most likely in an effort to economically benefit himself and defendant DON VIGEANT & SON, INC.) knowing it created a high

> risk of causing substantial harm to members of the public generally, and particularly to plaintiff DESIREE NICHOLS.
>
> The Defendants were grossly negligent and acted with malice, and such conduct was the proximate cause of Desiree Nichols' injuries and damages Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and to deter others from engaging in similar conduct. Therefore, plaintiff Desiree Nichols asks for punitive and exemplary damages and all actual damages.

(Rec. Doc. 1-1, ¶¶ 21-25).

Defendants filed the instant motion on May 23, 2023, seeking to dismiss the claim for punitive damages.

## Law and Analysis

### A. The Applicable Standard.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether the complaint states a legally cognizable claim. When considering such a motion, the district court must limit itself to the contents of the pleadings, including any attachments thereto, accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000), *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Conclusory allegations, unwarranted deductions of fact, and legal conclusions couched as factual allegations are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Hammer v. Equifax*

*Info. Servs., L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (citing *Bell Atl.*, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*.

### B. Availability of Punitive Damages.

Defendants have also moved to dismiss Plaintiff's claims for punitive damages under state law. Under Louisiana law punitive damages are not recoverable in civil cases absent a specific statutory provision authorizing the recovery of punitive damages. *International Harvester Credit Corp. v. Seale*, 518 So. 2d 1039, 1041 (La. 1988). Punitive damages are potentially available in the following cases, none of which apply here: child pornography (La. C.C. art. 2315.3); drunk driving (La. C.C. art. 2315.4); sexual abuse of a child (La. C.C. art. 2315.7); domestic violence (La. C.C. art. 2315.8); interception, disclosure or use of certain wire/oral communications (La. R.S. 15:1312); and instances in which punitive damages would be available pursuant to Louisiana's conflict of laws (La. C.C. art. 3546). Plaintiff did not set forth in her petition any Louisiana law applicable to punitive damages that might be recoverable in this case and did not oppose the instant motion seeking dismissal of such claims.

### Conclusion

For the reasons discussed herein, it is recommended that MOTION FOR PARTIAL DISMISSAL PURSUANT TO FED. R. CIV. PROC. 12(B)(6) (Rec. Doc. 15) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

Signed at Lafayette, Louisiana on this 10th day of July, 2023.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE